Maclin, special judge, delivered the opinion of the court. This was an action of debt instituted by Lucas against Tunstall determined in the circuit court of Independence county at the February Term 1844. The action was founded on a bond for the payment of money, dated 7th February 1837, and due one month after its date. The defendant pleaded that the “cause of action did not accrue to the plaintiff at any time within five years next before the commencement of the suit” &c. The plea was filed 12th August 1843. The plaintiff replied, and the cause was continued. At the February term 1844, and before the defendant had taken issue to the plaintiff’s replication, he asked permission to withdraw it with leave to demur &c. which was refused. The cause was determined by the court sitting as a jury, and verdict for defendant. In Baldwin vs. Cross, 5 Ark. R. 510, it was held that the statute of limitations in actions of debt upon a foreign judgment brought within five'years after the 20th of March 1839, when the act took effect, was no bar to the action. The principle in that case must govern in the determination of the plea in this case. The principle involved in this case was also settled in the case determined in this court at the July term, in Dickerson vs. Morrison, Ante 264. It was held in that case that the plea of the statute of limitations did not go to the merits, and by no manner of pleading could be made a bar to the action, and that the plaintiff was entitled to judgment notwithstanding the finding of the issue against him. This suit was commenced thel3th day of April 1843 ; five years had not elapsed from the taking effect of the act of limitations, and consequently, the plea set up no bar to the action. The plaintiff ought to have been allowed to withdraw his replication to the plea with permission to file his demurrer, which should have been sustained. Notwithstanding the finding against the plaintiff, he was entitled to a judgment non obstante veredicto. The judgment of the circuit court is therefore reversed, and this pause remanded to be proceeded in in accordance with this opinion.